AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

*FILED*

*2023 JUN 20 AM 11:58*

*CLERK ...*
*... COURT*
*... FLORIDA*

# UNITED STATES DISTRICT COURT
### for the

Joseph Signore
_____
Petitioner

v.

Warden, FCC Coleman Complex
_____
Respondent
*(name of warden or authorized person having custody of petitioner)*

)
)
)
)
)
)
)
)
)

Case No. 5:23-CV-384KKMPRL
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.    (a) Your full name:  Joseph Signore
      (b) Other names you have used:  N/A

2.    Place of confinement:
      (a) Name of institution:  FCC Coleman CAMP
      (b) Address:  P.O. Box 1027
                    Coleman, Florida 33521
      (c) Your identification number:

3.    Are you currently being held on orders by:
      ☒ Federal authorities    ☐ State authorities    ☐ Other - explain:
      _____

4.    Are you currently:

      ☐ A pretrial detainee (waiting for trial on criminal charges)
      ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
         If you are currently serving a sentence, provide:
         (a) Name and location of court that sentenced you:  U.S. District Court, Southern
             District of Florida, West Palm Beach Division
         (b) Docket number of criminal case:  14-cr-80081-HURLEY
         (c) Date of sentencing:  March 14, 2016
      ☐ Being held on an immigration charge
      ☐ Other *(explain)*:  _____
      _____
      _____

### Decision or Action You Are Challenging

5.    What are you challenging in this petition?
      ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

❏ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
   maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*:

_____

_____

6.   Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:    BOP - FCC Coleman CAMP

(b) Docket number, case number, or opinion number:    N/A

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
Denied the application of earned FSA Federal Time Credits (FTC's) for the
purpose of calculating my overall 50% of sentence served at present.

(d) Date of the decision or action:   BP-8, BP-9, & BP-10 filed.  BP-11 pending to be filed.

### Your Earlier Challenges of the Decision or Action

7.   **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes        ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:   BOP - FCC Coleman CAMP; Adminstrative
Remedy Process.  BP-8, BP-9, BP-10 filed.  BP-11 pending to be filed.

(2) Date of filing:   See Exhibits 1-7

(3) Docket number, case number, or opinion number:    N/A

(4) Result:   Denied

(5) Date of result:   See Exhibits 1-7

(6) Issues raised:   BOP has erred in not considering earned FSA Federal Time
Credits toward the calculation of 50% sentence served for Home Confinement
Placement under the CARES ACT.

_____

_____

_____

(b) If you answered "No," explain why you did not appeal:   N/A

_____

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes        ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____
(3) Docket number, case number, or opinion number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a second appeal:    N/A

_____

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?
☐ Yes          ☒ No
(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____
(3) Docket number, case number, or opinion number: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

_____
_____
_____
_____
_____
_____

(b) If you answered "No," explain why you did not file a third appeal:    N/A

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☒ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
☐ Yes          ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes          ☒ No
If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:    N/A

11.    **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes          ☒ No
If "Yes," provide:
(a)    Date you were taken into immigration custody: _____
(b)    Date of the removal or reinstatement order: _____
(c)    Did you file an appeal with the Board of Immigration Appeals?
☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1) Date of filing: _____
(2) Case number: _____
(3) Result: _____
(4) Date of result: _____
(5) Issues raised: _____

_____
_____
_____
_____

(d)   Did you appeal the decision to the United States Court of Appeals?
   ☐ Yes          ☐ No
   If "Yes," provide:
   (1) Name of court: _____
   (2) Date of filing: _____
   (3) Case number: _____
   (4) Result: _____
   (5) Date of result: _____
   (6) Issues raised: _____

_____
_____
_____
_____

12.   **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes          ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application: _____
(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____
(d) Docket number, case number, or opinion number: _____
(e) Result: _____
(f) Date of result: _____
(g) Issues raised: _____

_____
_____
_____
_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** See Memorandum in Support of § 2241 Motion

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See Memorandum in Support of § 2241 Motion

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND TWO:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☐ No

**GROUND THREE:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**    N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes                ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do:    See Memorandum in Support of § 2241 Motion

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:
June 15, 2023

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: June 15, 2023

_____
Signature of Petitioner

N/A
_____
Signature of Attorney or other authorized person, if any

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


JOSEPH SIGNORE
     Petitioner,

                          CASE NO.:

  vs.


WARDEN, FCC Coleman Complex
_____/


## MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR
## WRIT OF HABEAS CORPUS PURSUANT TO 28 USC § 2241

Comes Now the Petitioner, Joseph Signore, pro se, and files this pleading in support of Habeas Corpus Relief pursuant to 28 USC § 2241.  The Petitioner sets forth that the requested relief should be granted.  The facts will show that the BOP should allow for earned First Step Act (FSA)/Federal Time Credits (FTC's) to be applied to the Petitioner's sentence calculation in order to maximize his percentage of sentence completed to qualify for Home Confinement placement.


## LIBERAL CONSTRUCTION/PRO SE

The Petitioner is proceeding pro se in the cause and requests liberal construction of his pleading.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The Court may hold the pleadings of a pro se litigant to less stringent standards than formal pleadings drafted by lawyers.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  The filings of pro se litigants should be construed liberally and facts, arguments, evidence presented, should be given full effect of consideration.

<u>REQUEST THAT JUDICIAL NOTICE BE TAKEN</u>

The Petitioner respectfully requests that the Court take Judicial Notice pursuant to Rule 201 of the pleading, facts, evidence presented, & exhibits attached here-in.

<u>JURISDICTION/ISSUANCE OF WRIT</u>

This Honorable Court has the jurisdiction to entertain this cause pursuant to 28 USC § 2241(c)(3) & 18 USC § 3231.  This Court, as being the nearest United States District Court in the District where the Respondent is presently holding the Petitioner, unlawfully in violation of the U.S. Constitution, laws, or treaties of the United States.  The Petitioner, Joseph Signore, is presently being held in the Middle District of Florida at the FCC Coleman CAMP, P.O. Box 1027, Coleman, FL 33521.  The current Warden is Acting Warden Gunther.  His principle place of work and residence is within the Middle District of Florida, therefore jurisdiction is properly cited.

The Writ of Habeas Corpus acts upon the person holding Petitioner in what is alleged to be unlawful custody; wherefore, jurisdiction of a Petitioner rests, either in the District of physical confinement or in the District in which the custodian, which the Petitioner has directed against, is present.

28 USC Section 2243 provides in pertinent part the following to writ:

> The Writ or order to show cause shall be directed
> to the person having custody of the person de-
> tained; it shall be returned within (3) days
> unless for good cause additional time, not (20)
> is allowed.  When the Writ of order is returned
> a day shall be set for a hearing not more than
> (5) days after the return unless for good cause
> additional time is allowed.

2

## A WRIT OF HABEAS CORPUS

Title 28 U.S.C. ¶ 2241 provides the following in part...(a) writ of habeas corpus may be granted by the Supreme Court or Justice thereof. The District Courts and any Circuit Judge within their respective jurisdiction. The order of a Circuit Judge shall be entered in records of the District Court of the District wherein the restraint complained of is had. Title 28 U.S.C. ¶ 2241(c)(3), provides that the Writ of Habeas Corpus shall not extend to a prisoner unless...(3) He is in custody in violation of the Constitution or law or treaties of the United States.

The Writ of Habeas Corpus acts upon a person holding the Petitioner in what is alledged to be an unlawful custody; wherefore, jurisdiction of a petition for a Writ of Habeas Corpus lies either in the District of physical confinement or in the District in which the custodian of the Petitioner is present.

## PROCEDURAL HISTORY/BOP REMEDY EXHAUSTION

1.   In 2019, Covid became a Pandemic and affected the World in an unprecedented manner. To assist the Citizens of the Unites States within such pandemic, the U.S. Congress passed & the President signed, the CARES ACT.

2.   The CARES ACT, among other things, contained a provision which allowed the Federal Bureau of Prisons (here-in, BOP) to review, consider, & authorize a federally detained individual to be placed on Home Confinement if such individual has completed at least 50% of their imposed sentence.

3.   The CARES ACT Home Confinement provision stipulated certain criteria which needed to be met for a confined individual to be approved for placement on Home Confinement.

4.   The confined individual needed to meet at least one of the medical criterias, have maintained clear conduct, did not have any outstanding warrants/cases, and finally, have completed at least 50% of their imposed term of imprisonment.

3

5.  Thus, the Petitioner in this cause, Joseph Signore, met these criteria and reqeuested consideration for Home Confinement placement under the CARES ACT, from his Unit Team at the FCC Coleman CAMP, where he is currently held.

6.  As of February 2023, I was advised by the Unit Team that I could not be authorized Home Confinement placement, under the CARES ACT, because I was still under the 50% of sentence served required by the program. I explained to the Unit Team that I should be over the 50% sentenced served mark, because of the one year (365 days) FSA credits which I had already been afforded, and that have been officially applied to my sentence & computation by Grand Prairie, Texas Computation center (DSCC).

7.  The Unit Team advised that the system was not showing the 365 days of FSA credits, as credit toward the overall sentence, and the issue could not be resolved at their level. I was advised to file administrative remedies to obtain the relief requested.

8.  Accordingly, on or about March 4, 2023, I filed a BP-8 on the matter. See Exhibit 1.

9.  On or about April 13, 2023, I received a rejection notice on the filed BP-8, asking for me to provide verification stating the reason why the BP-8 was filed untimely, and it was not my fault. See Exhibit 2.

10.  On April 14, 2023, I obtained such verification from Correctional Counselor Brown. See Exhibit 3.

11.  Later that day, April 14, 2023, I received the answer to the BP-8. See Exhibit /. It stated that the issue could not be resolved at this level.

12.  However, since the Petitioner had filed his BP-8 on or about March 4, 2023 and the Unit Team had not responded within the 5 day time allotted by policy. I proceeded with seeking remedy and filed my BP-9 on or about March 13, 2023. The rejection notice of April 13, 2023 was beyond the BOP policy time frame. I still went through the process to document everything. See Exhibit 4.

13. The BOP had 30 days to respond to the filing of my BP-9. May 13, 2023 was the 30 day deadline. They did not respond so I took it as a default denial per policy. I then prepared and sent my BP-10 to the BOP South East Regional Office in Atlanta, Georgia...on May 17, 2023. See Exhibit 5.

14. Several days later, on or about May 22, 2023, I received the response to my BP-9, it was dated May 18, 2023. See Exhibit 6.

15. The BOP Regional Office has until, on or about, June 21, 2023, to respond to the BP-10.

15. In lieu of the Covid National Emergency being terminated, and the subsequent cancelation of the CARES ACT Home Confinement Authority under such, the Petitioner was denied Home Confinement placement because he did not attain the 50% sentence completion. However, this determination was made without applying the earned Federal Time Credits (FTC's) under the First Step Act (FSA Credits).

ARGUMENT

A.   First Step Act of 2018 Signed into Law

On December 21, 2018, the First Step Act was signed into law for federal prisoners to earn time credits for participation in evidence-based recidivism reduction programming or productive activities. See 18 U.S.C. § 3632(4)(i)(ii). A Prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activity.

A Prisoner determined by the Bureau of Prisons (here-in BOP) to be at a minimum or low risk for recidivating, who, for the first risk assessment period, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

Petitioner asserts that he is considered a minimum risk of recidivism. Therefore, according to law under the First Step Act (FSA), he is entitled to earn 15 days per month of successful programming.

B.  First Step Act Eligiblity

The Petitioner in this case was sentenced for violation of 18 U.S.C. § 1341; 1956; & 1957 (Attempt & Conspiracy to commit Mail Fraud, Money Laundering, & Fraud Other, respectively). These offenses, according to the FSA, are elgible offenses, to earn and have applied Federal Time Credits (FTC's). See 18 U.S.C. § 3632(D), Ineligible Prisoners, which lists numerous offenses which are Ineligible to receive and apply the time credits under the FSA. The Petitioner's offenses do not fall within this purview, thus, he is eligible for FSA credits.

C.  Federal Time Credits already earned & additional still pending

Since the inception of the FSA in December of 2018, the Petitioner has been earning Federal Time Credits (here-in FTC's). The BOP has separated the FTC's into two (2) categories. The first category is the first 365 days of FTC's earned, will be applied directly to the Petitioner's sentence. This first 365 days of FTC's serve in similar fashion to Good Time credits and are credited to a Petitioner's actual sentence calculation, reflected on the BOP website (bop.gov), adjusting the release date of the Petitioner.

The second category are FTC's earned in excess of the intial 365 days, which are then applied toward the back-end of the sentence, and applied for half-way house or home confinement placement. Classified under RRC/HC (Residential Re-Entry Center/Home Confinement) placement credits on a Petitioner's "FSA Time Credit Assessment Sheet".

According to the BOP, in its adminstrative response  to me regarding administrative remedy case number 1157281-F2, they confirm,..."A careful review of the matter indicates you are eligible to receive FSA credits and you currently have 325 days of credit applied to your RRC/HC and 365 days credit applied to your release.  FSA credits are applied to pre-release custody or early transfer to supervised release.  Program Statement 5410.01 First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) section 10(a)(1) states, "How time Credits may be applied.""  See  Exhibit  8.

Here, the BOP makes the argument for granting such earned FTC's to be used as credits for the 50% calculation of time served, where they state..."FSA credits are applied to pre-release custody or early transfer to supervised release".  Home Confinement placement is known to be part of the pre-release custody or supervised release.  If the policy states that the earned FTC's can be applied for such, then there should be applied as such.  The BOP has prejudiced the defendant by not allowing such earned FTC's to be applied toward the petitioner's 50% of sentence served, for purposes of Home Confinement placement during the time when such program was active.

The Petitioner was in the process for Home Confinement placement and due to the prejudiced caused by the failure of the BOP to honor the Petitioner's earned FTC's, and have them applied to the 50% time served, the Petitioner as not allowed to be transferred to Home Confinement placement.

The Petitioner set forth that the BOP is authorized to apply the 365  days of FTC's which have been applied to reduce his sentence at present already.  The Petitioner understands that the remaining 325 days of RRC/HC FTC's, since they have not yet been applied to lower the sentence, may not be used as credits till the back-end of his sentence.  But the already applied 365 days, are exactly that, already applied and credited as per the bop.gov website and the Grand Prairie, Texas Designation & Sentence Computation Center (DSCC).

D.  2241 fits squarely in this matter

A 2241 Motion fits squarely where the BOP or other entity has deprived a Petitioner of sentence credits or time for which the Petitioner has earned and should be applied to the Petitioner's sentence for a corrected release date or benefit thereof.  Challenges to the validity of a conviction or sentence, collateral attacks upon the execution of a federal sentence (e.g., the Bureau of Prison's calculation of the date of release, may be presented through a habeas petition, brought pursuant to section 2241.  See United States v. Miller, 871 f.2d 488, 490 (4th Cir. 1989).

The Petitioner in this cause sets forth that the BOP has calculated his sentence improperly because they have failed to acknowledge his already earned, 365 days of FTC's, for the purpose of properly calculating his 50% time served to present and authorizing Home Confinement placement when available, before it was cancelled.


E.  Futility Exhaustion Doctrine

As of the filing of this 2241 petition, the Peitioner is on the last part of his administrative remedies with the BOP.  By the time this 2241 petition is filed, the Petitioner would have already sent his BP-11 to the BOP Central Office for processing and consideration.  Where the CARES was cancelled and the petitioner was prejudiced by the BOP failure to properly apply his earned sentence credits.

The Petitioner elected to go ahead and file his 2241 petition because he has already been prejudiced by the BOP failure to apply his earned time credits. From the cancellation of the CARES ACT on May 11, 2023, the Petitioner is beyond being made whole.  Everyday passed that point, the petitioner is being held in custody, where he could have been released to Home Confinement already. Thus, a full exhaustion of administrative remedies, under the circumstances, would

8

be futile.

The Eleventh Circuit has suggested that exhaustion may be excused where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action." This occurs when a Petitioner can show "irreparable harm if unable to secure immediate judicial consideration. See Stewart v. Snider, May 10, 2022; Enforcement of Administrative Remedy Exhaustion rules may be subject to waiver, forfeiture, or other equitable exceptions. A District Court may waive a statutorily-mandated exhaustion requirement where exhaustion would be futile, meaning "the attempt to exhaust administrative remedies would be useless or inadequate to prevent irreparable harm. See United States v. Scott, 461 F. Supp. 3d. 851 (11th Dist. Ct., May 15, 2020).

## REQUESTED RELIEF

Therefore, the Petitioner respectfully requests that this Honorable Court to Order the Federal Bureau of Prisons, to utilize the Petitioner's earned FSA Federal Time Credit's (365 days of already earned credits) which are being reflected on his sentence and computation sheet and counted toward a lower sentence, for purpose of the 50% calculation of sentence served to be eligible for Home Confinement placement. Also, since the CARES ACT has ended, as of May 11, 2023, and it was the negligence of the BOP in not properly applying the earned time credits, that they now be ordered, nunc pro tunc, to honor a Home Confinement placement under the CARES ACT, although it has already ended. Do now what should have been done before.

CONCLUSION

The Petitioner prays that the requested relief be granted.  Thank You for your time and consideration.

Respectfully Submitted,

Joseph Signore
# 05081-104
FCC Coleman CAMP
P.O. Box 1027
Coleman, Fl 33521

CERTIFICATE OF SERVICE

I swear under the penalty of perjury, 28 U.S.C. § 1746, that I have mailed and served a copy of the foregoing § 2241 motion, upon the U.S. Attorney's Office, Middle District of Florida, Ocala Division, 35 S.E. Avenue, Suite 300 Ocala, Florida 34471.  On this _15th_ day of June 2023.  In Coleman, Florida 34471.

Joseph Signore

10

March 3 2018
Attachment A

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.17 requires that except as provided in 542.13(b) an inmate shall first present an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate form must be used for each issue.
*********************************************************************

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not informally resolved.

| Joseph Signore | 05081-104 | F-4 | |
|---|---|---|---|
| Inmate Name: | Register No. | Qtrs. /Unit | Inmate Signature |

1. Specific complaint (One 8 ½" x 11" continuation page may be attached):

-------------------- See Attached Page --------------------

2. What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

Spoke to CSW McGregor. Was referred to DSCC (Grand Prairie) for them to address the issue, that I must exhaust my administrative remedies.

3. What action does the inmate wish to be taken to correct the issue?

Please allow the use of my already applied FSA credits toward the 50% calculation, of percentage of sentence served, as documented on bop.gov, as release date, so I can be processed for Home Confinement under the Cares Act, where I meet all the requirements.

Correctional Counselor's Comments (including actual steps taken to resolve):

*This issue can not be resolved at this level.*

| | | |
|---|---|---|
| Correctional Counselor | 3/14/2023 Date | **Staff Circle One:** Informally Resolved  Not Informally Resolved |

Unit Manager's Review

| | |
|---|---|
| Unit Manager | 3.14.23 Date |

EXHIBIT 1 a

Distribution by Correctional Counselor:

1. If complaint is informally resolved, maintain original on file in the Unit.

2. If complaint is **not** informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

| | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned to Counselor | BP-9 Delivered to Admin Remedy Clerk |
|---|---|---|---|---|---|
| Date | 3.14.23 | 3/14/23 | 3/14/23 | 3/14/23 | 4/7/2023 |
| Time | 1:25pm | 2:40 | 3:00 | 3:10 | 4:00 |
| Counselor | Paula Floyd | | | | |

Re-submit 4.14.23 1:30PM

Informal Resolution Form (Continuation Page)

Joseph Signore      #  05081-104      F-4 Dorm      March 04, 2023

---

1.  Specific Complaint (Con't):  I file this BP-8 to request that my FSA credits, which already have been applied to my sentence, be also utilized toward my 50% sentence calculation, for Cares Act consideration/placement purposes.  I believe that my FSA credit time can be utilized to increase my time served, precentage of time served.  Where GCT is taken if we commit an infraction, FSA (FTC)s that have been earned, can also be taken if we commit an infraction.  Like other programs, RDAP, time earned for sentence completion, can also be used toward precentage served or taken away for infractions These examples follow the same pattern of sentence credits, percentage served, and/or loss of such.  I make this request to have my FSA my FSA (FTC) credits considered so that my current 43% of sentence served, can now exceed the 50% served requirement for Cares Act Home Confinement Placement.  The FSA credits which have already been applied to my sentence, are also considered/applied toward calculating my time served, it will place me at over 50% of sentence completion.  I believe that this argument has merit and request that you facilitate using my new out date toward processing my placement on Home Confinement under the Cares Act.  Thank You very much.


_____
Joseph Signore

EXHIBIT 1 b

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: APRIL 10, 2023


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      COLEMAN LOW FCI

TO  : JOSEPH SIGNORE, 05081-104
      COLEMAN LOW FCI    UNT: 4 SCP    QTR: F15-441U
      P.O. BOX 1021
      COLEMAN,  FL 33521


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1157281-F1     ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED  : APRIL 7, 2023
SUBJECT 1      : OTHER SENTENCE COMPUTATION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REJECT REASON 2: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

REJECT REASON 3: PROVIDE STAFF VERIFICATION STATING REASON UNTIMELY FILING
                 WAS NOT YOUR FAULT.

REJECT REASON 4: YOU MAY RESUBMIT YOUR REQUEST IN PROPER FORM WITHIN
                 5 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REMARKS        : INFORMAL RESOLUTION FORM IS NOT FILLED OUT ON ITS EN
                 TIRETY.


Received on 4.13.23
and delivered 4.13.23
        Paula Deloyd

EXHIBIT 2



UNITED STATES GOVERNMENT
## Memorandum
FEDERAL BUREAU OF PRISONS
Federal Correctional Complex
Federal Correctional
Institution
Coleman, FL 33521

April 14, 2023

**MEMORANDUM FOR ADMINISTRATIVE REMEMDY COORDINATOR**

**FROM:**            M. Brown, Correctional Counselor

**SUBJECT:**         Delayed Delivery on BP-8 Response

This is to document and confirm that the BP-8 that was received
by the Correctional Counselor on March 14, 2023, for inmate
Signore, Joseph, Reg. No. 05081-104, at FCC Coleman, Camp, dated
April 10, 2023, was delayed because of staff absence due to
COVID.

EXHIBIT 3

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Signore, Joseph | 05081-104 | F-4 | FCC Coleman CAMP |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST:**   I file this BP-9 on the default denial of my BP-8.  I filed my BP-8 on or about March 4, 2023.  My BP-8 was given to FCC Coleman CAMP Unit Team Member.  BOP policy provides that a failure to respond to an inmate's administrative remedy, can be considered a default denial.  Till present, I have not received a response to my BP-8.  The five (5) working day time frame has lapsed for Unit Team to answer.  Thus, I proceed with my admin. remedies.  I file this BP-9 accordingly.  I continue my request to have my already credited FSA credits, to be allowed toward my 50% sentence calculation for Cares Act consideration/ placement purposes.  I believe that my FSA credit time can be utilized to increase my time served, percentage of time served.  Where GCT is taken if we commit an infraction, FSA (FTC)s that have been earned, can also be taken if we commit an infraction.  Like other programs, RDAP, time earned for sentence completion, can be used toward percentage served or taken away for infractions.  These examples follow the same pattern of sentence credits, percentage served, and/or loss of such.  I make this request to have my FSA (FTC) credits considered so that my current 43% of sentence served, can now exceed the 50% served requirement for Cares Act Home Confinement placement. The FSA credits which have already been applied to my sentence, are also considered/applied toward calculating my time served, it will place me at over 50% of sentence completion.  I believe that this argument has merit and request that you facilitate using my new out date toward processing my placement on Home Confinement under the Cares Act. Thank You for your time and attention.

| DATE | 3/13/2023 | SIGNATURE OF REQUESTER |
|---|---|---|

**Part B– RESPONSE**

See attached response

EXHIBIT 4

| DATE | | Rcvd April 7, 2023 |
|---|---|---|
| | | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                                   CASE NUMBER: 1157281-FTF2

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

| DATE | | RECIPIENT'S SIGNATURE (STAFF MEMBER) | BP-229(13) |
|---|---|---|---|

U.S. Department of Justice

Federal Bureau of Prisons

## Regional Administrative Remedy Appeal

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Signore, Joseph**                                           05081-104                  F-4           FCC Coleman CAMP
      LAST NAME, FIRST, MIDDLE INITIAL                    REG. NO.                    UNIT                INSTITUTION

**Part A - REASON FOR APPEAL:** I file this BP-10 on the default denial of my BP-9. I filed my BP-9 on or about March 13, 2023. My BP-9 was given to FCC Coleman CAMP Unit Team Member. BOP policy provides that a failure to respond to an inmate's administrative remedy, can be considered a default denial. Till present, I have received a response to my BP-9. The 30 days have lapsed for the Warden's Office to respond. Thus, I proceed with my admin. remedies. I file this BP-10 accordingly. I continue my request to have my already credited FSA credits, to be allowed toward my 50% sentence calculation for Cares Act consideration/placement purposes. I believe that my FSA credit time can be utilized to increase my time served, percentage of time served. Where GCT is taken if we commit an infraction, FSA (FTC's) that have been earned, can also be taken if we commit an infraction. Like other programs, RDAP, time earned for sentence completion can also be used toward percentage served or taken away for infractions. These examples follow the same pattern of sentence credits, % served, &/or loss of such. I request that my FSA (FTC) credits be considered so that my current 44% of sentence served, can exceed the 50% served requirement for CARES ACT Home Confinement Placement. The FSA credits already applied to my sentence, are also considered/applied toward calculating time served. It will place me over the 50% mark. Since those credits have already been earned/applied, they should be used for the 50% calculation. Please facilitate this request. I incorporate all previous filings. Thank You.

    **5/17/23**
      DATE                                                                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

EXHIBIT 5

      DATE                                                                                    REGIONAL DIRECTOR
If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

**Part C - RECEIPT**

                                                    CASE NUMBER:

                                                    CASE NUMBER:

Return to: _____

SUBJECT: _____
      LAST NAME, FIRST, MIDDLE INITIAL                    REG. NO.                    UNIT                INSTITUTION

      DATE                                                            SIGNATURE, RECIPIENT

**Response to Administrative Remedy Case Number:  1157281-F2**

This is in response to your Request for Administrative Remedy
received in this office on April 7, 2023.  Specifically, you are
requesting to have your FSA Time Credits applied to your
percentage of time served for Cares Act eligibility purposes.

A careful review of the matter indicates you are eligible to
receive FSA Time Credits and you currently have 325 days of
credit applied to your RRC/HC and 365 days credit applied to
your release.  FSA Time Credits are applied to prerelease
custody or early transfer to supervised release.  Program
Statement 5410.01 First Step Act of 2018 – Time Credits:
Procedures for Implementation of 18 U.S.C. § 3632 (d)(4)
section 10 (a)(1) states, "*How time Credits may be applied.*
For any inmate eligible to earn FSA Time Credits under this
subpart who is: (1) Sentenced to a term of imprisonment under
the U.S. Code, the Bureau may apply FSA Time Credits toward
prerelease custody or supervised release."  Therefore,
according to policy FSA Time Credits cannot be applied toward
the percentage of time served.

Therefore, based on the above information, your Request for
Administrative Remedy is **denied.**

If you are dissatisfied with this response, you may appeal by
filing a BP-10 to the Bureau of Prisons, Southeast Regional
Office, and Attn: Regional Director, 3800 Camp Creek Parkway,
SW, Building 2000, Atlanta, GA 30331-6226, within 20 calendar
days from the date of this response.

_____              05/18/23
J. Gunther, Warden                            _____
                                              Date

EXHIBIT 6